UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RALPH TINSLEY #119836,

     Plaintiff,

v.

NURSE BATTER,

     Defendant.

_____/

Hon. Phillip J. Green

Case No. 1:23-cv-528

## OPINION

This matter is before the Court on Defendant Nurse Batter's Motion to Dismiss for Violation of Court Order.  (ECF No. 27).  Plaintiff has not responded to the motion within the time provided by Western District of Michigan Local Civil Rule 7.2(c). For the reasons discussed herein, the Court will grant the motion and dismiss Plaintiff's claims against Defendant with prejudice.

## BACKGROUND

In the complaint, Plaintiff alleges that on November 23, 2022, Defendant confiscated Plaintiff's "glucose tabs" and interfered with an examination of Plaintiff being conducted by another nurse.  The case proceeded to discovery and Defendant attempted to obtain authorization from Plaintiff for his medical records.  After Plaintiff initially refused to sign the authorization, Defendant filed a motion to compel.  (ECF No. 25).  Plaintiff did not file a response to the motion.

On February 6, 2025, the Court granted Defendant's motion to compel. (ECF No. 26). The Court ordered Plaintiff to execute the requested authorization form within 14 days, or by February 20, 2025. (*Id.*) The Court further stated: "**Failure to comply with this and other court orders may result in sanctions being levied against Plaintiff, including dismissal of this case**." (*Id.*) (emphasis in original).

After the Court issued the order, Defendant sent Plaintiff two letters requesting that he sign the authorization. (ECF No. 27-5, 27-6). Plaintiff still has not signed the authorization.

## ANALYSIS

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v).  In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides that: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).  In general, before dismissing an action a court must consider the following factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Schafer* v. *Defiance Police Dep't*, 529 F.3d 731, 737 (6th

Cir. 2008).

The Court finds that dismissal with prejudice is appropriate in this case. Plaintiff's refusal to sign the medical authorization form is willful.  He was expressly warned that failure to comply with the Court's order may result in the dismissal of the remaining claim.  The records establishes that Plaintiff had knowledge of the order and still chose to defy it.  Plaintiff also elected not to file any response to Plaintiff's motion to dismiss. For these reasons, the Court, in its discretion, will grant Defendant's motion and dismiss this case with prejudice.  The Court further finds that an appeal of this matter by Plaintiff would be frivolous and, therefore, not taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

An Order consistent with this Opinion will enter.


Date: April 21, 2025                                   /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge

3